IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARTIN E. FOUNTAIN, :
:
        Petitioner, :
:
v. : Civ. Act. No. 16-434-LPS
:
DANA METZGER, Warden, and ATTORNEY :
GENERAL OF THE STATE OF DELAWARE, :
:
        Respondents.[1] :

## MEMORANDUM OPINION

Martin E. Fountain. *Pro se* Petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 30, 2019
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former Warden David Pierce, an original party to this case. *See* Fed. R. Civ. P. 11(d).

STARK, U.S. District Judge:

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and an Amended Application ( hereinafter together referred to as "Petition") filed by Petitioner Martin E. Fountain ("Petitioner"). (D.I. 1; D.I. 5) The State filed an Answer in opposition. (D.I. 10) For the reasons discussed, the Court will deny the Petition.

I. BACKGROUND

In March 2003, a Delaware Superior Court jury found Petitioner guilty of two counts of possession with intent to deliver cocaine, two counts of possession with intent to deliver cocaine within 1,000 feet of a school, two counts of delivery of cocaine within 300 feet of a park, two counts of possession of drug paraphernalia, and one count of unauthorized use of food stamps. *See Fountain v. State*, 139 A.3d 837, 839 (Del. 2016). The Superior Court sentenced Petitioner to 103 years at Level V incarceration, suspended after thirty years and eight months for decreasing levels of supervision. On August 18, 2004, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See id.*; *see also* D.I. 10 at 1.

On February 2, 2007, Petitioner filed a *pro se* motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 10 at 1) The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on January 12, 2009. (D.I. 10 at 1-2)

On September 17, 2013, Petitioner filed a *pro se* motion for correction of illegal sentence, which the Superior Court denied. (D.I. 10 at 2) Petitioner filed a motion for reconsideration, which the Superior Court denied as untimely. Petitioner appealed the Superior Court's denial of his motion for correction of sentence, and the Delaware Supreme Court affirmed the Superior Court's decision on August 19, 2014. (D.I. 10 at 2)

On March 17, 2015, Petitioner filed a *pro se* motion for review of sentence and judgment of relief, seeking to modify his sentence of consecutive terms under Delaware's Amended Sentencing Act, 11 Del. C. § 3901(d). *See Fountain*, 139 A.3d at 839. The Superior Court denied that motion on April 30, 2015. (D.I. 10 at 2)

On May 12, 2015, Petitioner filed a motion to arrest judgment, asking to have his two cocaine sentences run concurrently, not consecutively, pursuant to the Amended Sentencing Act, 11 Del. C. § 3901(d). The Superior Court denied the motion on May 22, 2015, explaining that it would not consider Petitioner's repetitive requests for reduction of sentence and declining to apply the Amended Sentencing Act retroactively. *See Fountain*, 139 A.3d at 839. Petitioner appealed. On June 3, 2016, the Delaware Supreme Court affirmed the Superior Court's decision that the Amended Sentencing Act applies only prospectively and, therefore, could not apply retroactively to Petitioner's sentences that were imposed before the Act's effective date. *Id.* at 843.

## II. DISCUSSION

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

In his sole ground for relief, Petitioner asserts that the Delaware Supreme Court violated the *Ex Post Facto* clause when, in 2016, it affirmed the Superior Court's denial of his motion to have his cocaine sentences run concurrently and held that Delaware's Amended Sentencing Act, 11 Del. C.

2

§ 3901(d), does not apply retroactively. (D.I. 1; D.I. 5) A brief historical summary is helpful in understanding Petitioner's argument.

When Petitioner was sentenced in 2003, he was subject the 1977 version of 11 Del. C. § 3901(d), which provided that "[n]o sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant." *Fountain*, 139 A.3d at 840. On July 9, 2014, "§ 3901(d) was amended to give courts the discretion, with certain exceptions, to impose concurrent or consecutive sentences of confinement." *Henry v. State*, 2019 WL 3211455, at *1 n.4 (Del. July 16, 2019). In May 2015, Petitioner filed a motion to arrest judgment, in which he asked to have the 2014 version of § 3901(d) ("Amended Sentencing Act") applied to his case so that his two Level V fifteen year sentences for his cocaine convictions, imposed in 2003, would run concurrently rather than consecutively. The Superior Court refused to apply the Amended Sentencing Act retroactively and denied Petitioner's motion on May 21, 2015. Petitioner appealed that decision, arguing that the Amended Sentencing Act permits a judge the discretion to modify a sentence entered before July 9, 2014 to reimpose concurrent terms of imprisonment.

On appeal, the parties submitted their respective arguments, which relied solely on Delaware law. For instance, Petitioner, via an *Amicus Curiae* Brief, argued that Delaware's Savings Statute did not bar retroactively applying the Amended Sentencing Act to prior criminal sentences. He also argued that retroactively applying the Amended Sentencing Act would be consistent with prior Delaware precedent permitting retroactive application of remedial or procedural statutes. (D.I. 13-15 at 13-43) The State argued that, as a general rule in Delaware, a defendant must be sentenced under the law in effect on the date of the offense and that a defendant is not entitled to the benefit

3

of any amendatory change in the sentencing law occurring after the date of the offense unless the amending legislation specifically provides for retroactive application. (D.I. 13-18)

When affirming the Superior Court's decision, the Delaware Supreme Court expressly stated that this "appeal involves the interpretation and application of Delaware's Amended Sentencing Act, codified at 11 Del. C. § 3901(d), to determine if the Amended Sentencing Act is retroactive." *Fountain*, 139 A.3d at 839. The Delaware Supreme Court undertook a textual analysis of the statutory language of the Amended Sentencing Act to ascertain legislative intent, noting that, as a general rule, "statutory amendments operate prospectively unless the legislature expressly states, to the contrary, that the amendments shall be retrospective." *Fountain*, 139 A.3d at 841. The Delaware Supreme Court held that the Superior Court correctly determined that the Amended Sentencing Act was intended to act only prospectively because: 1) Delaware's General Assembly did not specifically state that the statute applied retroactively; 2) there was no mechanism for offenders to seek to use the amendment retrospectively; 3) consecutive sentencing remained mandatory for certain serious crimes under the Act; and 4) in the future, judges only have discretion to impose concurrent sentences for those crimes not included in the continuing statutory mandate of consecutive sentences for certain serious crimes. *See Fountain*, 139 A.3d at 841-43. In short, the Delaware Supreme Court affirmed the Superior Court's denial of relief based upon settled Delaware law and the court's own interpretation of state law.

In this case, Petitioner's sole ground for relief challenges a state court's interpretation of a state sentencing statute based on state law, which does not assert an issue cognizable on federal habeas review. *See Luckett v. Carroll*, 2005 WL 2293911, at *6 n.7 (D. Del. Sept. 21, 2005) (refusing to consider claim that technical VOP did not warrant re-imposition of suspended prison sentence for failing to allege federal question); *see also McCleaf v. Carroll*, 416 F. Supp. 2d 283, 288 n. 3 (D. Del.

4

2006). Although he attempts to cast his ground for relief in terms of an *Ex Post Facto* Clause violation, the *Ex Post Facto* Clause is not implicated in this case.[2] Petitioner's argument also fails to establish a violation of his due process rights, because "nothing in the Constitution requires states to apply their own decisions retroactively." *Warren v. Kyler*, 422 F.3d 132, 137 (3d Cir. 2005). As explained by the Third Circuit, the Supreme Court's decision in *Estelle v. McGuire* "requires [federal courts to] heed the state court's application of its own retroactivity principles." *Kyler*, 422 F.3d at 137. For these reasons, the Court will deny the Petition in its entirety for failing to assert a proper basis for federal habeas relief.[3]

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

---

[2]"To be eligible for habeas corpus based on a violation of the *Ex Post Facto* Clause, a petitioner must show **both** a retroactive change in law or policy **and** that this change caused individual disadvantage by creating a significant risk of increasing his punishment." *Richardson v. Pa. Bd. of Probation and Parole*, 423 F.3d 282, 283 (3d Cir. 2005) (emphasis in original).

[3] Petitioner recently filed a request for judgment as a matter of law. (*See* D.I. 19) This motion will be denied as it does not provide any meritorious basis for the relief Petitioner seeks.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied in its entirety without a hearing. An appropriate Order will be entered.